### ACTION FOR WRONGFUL EJECTMENT FROM STREET CAR.

Circuit Court of Summit County.

THE NORTHERN OHIO TRACTION & LIGHT COMPANY v. CHARLES PETERSON.

Decided, April 8, 1908.

*Passenger on Street Car—Wrongful Ejectment—Evidence as to His Feelings—Punitive Damages—Excessive Verdict.*

1. In an action by a passenger for wrongful ejectment from a street car, he may testify that when he was put off he felt "cheap and kind of ashamed of himself" as if he had "done something wrong."
2. Where a passenger in utter disregard of his rights, is forcibly ejected from a street car in such manner as to expose him to ridicule and to impute to him an attempt to commit a fraud by riding free, punitive or exemplary as well as compensatory damages may be allowed.
3. A verdict for $500 for forcible ejection from a street car is excessive, where there are no specially aggravating circumstances and no evidence of a studied or systematic evasion of franchise obligations.

*Rogers, Rowley & Rockwell,* for plaintiff in error.
*A. J. Wilhelm* and *Grant, Sieber & Mather,* contra.

HENRY, J.; WINCH, J., and MARVIN, J., concur.

The defendant in error, Peterson, brought his action below to recover damages for unlawful ejection from a street car when he presented an imperfectly punched transfer. The conductor from whom he received it, having lost his punch, gave him the transfer in question with instructions to explain the circumstances to the other conductor who would honor it for him. This he did but was put off. He recovered a verdict and judgment of $500,

The first error assigned is in permitting Peterson to testify that when thus put off he felt ''cheap and kind of ashamed of himself'' as if he had ''done something wrong.'' This direct testimony to his sense of humiliation and indignity was the best possible evidence of the fact in issue. It was neither an opinion nor hearsay. The fact that another than he who suffers perceives no pain, be it either physical or mental, affords no reason why the sufferer himself should not testify thereto, precisely as any witness may testify to any fact which has come under the observation of his senses whether anyone else was in a position to observe it or not.

The second error assigned is the giving of defendant in error's request:

''If you believe from the evidence that plaintiff was forcibly ejected from the car by defendant's conductor and the ejection was done in such a manner and accompanied by such language on the part of the conductor, as to expose plaintiff to the ridicule of other passengers, and imputed to him an attempt to commit a fraud on the defendant by deceiving the conductor with a worthless transfer so as to ride free, you may award to plaintiff punitive or exemplary damages; that is, damages in addition to compensatory damages, for the purpose of punishing the defendant for the wrong done to plaintiff and to furnish an example to deter others from doing likewise. In awarding such, however, you should be extremely cautious and not go beyond the bounds of reason. You may take into consideration reasonable counsel fees to which plaintiff may have made himself liable in prosecuting his claim.''

It is urged that this should have been qualified by inserting the condition that the ejection must have been wilful, or wanton, or in utter disregard of plaintiff's rights to authorize exemplary damages. But the truth is that if he was put off at all, under the circumstances indicated, his rights were utterly disregarded. There is no middle ground. It is urged further that the element of being falsely charged with attempting to deceive the conductor with a worthless transfer so as to ride free, was not in the plaintiff's petition and could not therefore be a proper element of recovery. But we think this was a view of the matter which the jury might well be authorized to take, if they should so find;

for, though not a necessary, it is a natural and legitimate deduction from the facts expressly in issue.

It was intimated upon the hearing that this request was open to the criticism that it takes for granted that the ejection was wrongful and that plaintiff's story of the preceding events was true; whereas in fact that story was for the jury to believe or disbelieve as they might. But on inspection of the bill we find the company's claim agent, a witness in its behalf, testifying that the transfer (which was in evidence) was in fact issued, in the condition in which it now appears, by a conductor, who, though present at the trial, was not offered by the defendant as a witness. It is evident that in this state of the case the plaintiff in error was not prejudiced by the court's assumption of a state of facts, which, though formally denied by the answer, was thus virtually conceded to be true to the extent indicated.

A like objection to a paragraph of the charge at page 93 of the bill is not well taken because it begins with the condition, "If you find for the plaintiff," and, therefore, does not contain any assumption which the court was not warranted in making in charging the jury.

The third error assigned consists in the court's refusal to charge on contributory negligence as requested. The requests are no doubt correct in law, but they have no application to the case made. Peterson knew that his transfer was imperfectly punched, but he relied on the conductor's assurance that it would nevertheless be honored. It is not a case of negligence at all, on either side.

The fourth error assigned is misconduct of counsel of plaintiff below in argument to the jury. There was evidently some misconduct. But a careful scrutiny of each item discloses that the improper language attributed to counsel in one or two of the exceptions taken is not expressly averred by the bill to have been spoken as charged. Another instance we think was sufficiently met by the court's ruling and caution to the jury and counsel. Still another did not amount to misconduct; and in the remaining instances the question was not saved, by the reservation of proper exceptions. Taking it altogether, while we have no tol-

eration for misconduct of the sort here charged, no reversible error in this behalf is disclosed in this record.

The fifth and final assignment of error is that the verdict is excessive, evincing bias and prejudice on the part of the jury. We think this is true.   This was not a specially aggravated case. There was no studied or systematic evasion of franchise obligations as to fares or transfers, on the part of the company.

The company is, of course, answerable for its agent's misconduct, but there is no showing that it inspired or desired such misconduct on the part of its agents in this case.   There was no bodily injury inflicted upon Peterson in putting him off.   It was all due to misadventure and misjudgment on the part of the two conductors—the one in losing his punch and in making the improvident and ill-judged substitute arrangement for the punching of the transfer in the regular manner, and on the part of the other conductor in not heeding a probable story that was told him by a passenger.   To one or the other, or both, the wrongful conduct of the company in putting him off the car to which he was entitled to ride, is chargeable, of course.   It was all due to misadventure and misjudgment on the part of two conductors, and not malice or ill-will.   Yet the verdict is in amount what would suffice if all these were elements in the case.   We think $150 would cover actual damages and expenses of prosecuting this action, besides penalizing the company up to the full limit for its laxity and the injustice perpetrated, and unless the defendant in error will remit all of his original judgment in excess of $150 the same will be reversed and remanded for error in refusing the motion for a new trial on this account.   If remittitur is made the judgment will be affirmed.